**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES** | : | **CRIMINAL ACTION** |
| **of AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **TYSON WATSON** | : | **No. 12-417** |

**M E M O R A N D U M**

PRATTER, J.                                                                                   APRIL 4, 2016

**INTRODUCTION**

Nearly two years after he was sentenced to 84 months imprisonment for violating 18

U.S.C. § 922 (g)(1), Tyson Watson filed a *pro se* motion to reduce his sentence pursuant to

U.S.S.G. Amendment 709, arguing that the Court erred in calculating his criminal history

category at the time of his sentencing.  The Government opposes Mr. Watson's motion as

untimely and improper.  This Court agrees and will deny Mr. Watson's motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

On April 6, 2012, Mr. Watson was arrested for possession of a firearm by a convicted

felon and possession of crack cocaine.  After a federal grand jury returned an indictment

charging Mr. Watson with violations of 18 U.S.C. § 922 (g)(1) (possession of a firearm by a

convicted felon) and 21 U.S.C. § 844 (possession of crack cocaine), Mr. Watson pleaded guilty

to Count One of the indictment.  Pursuant to a written plea agreement, the Government

dismissed Count Two at the time of sentencing.

Mr. Watson's sentencing took place on April 21, 2014.  In accordance with the

Sentencing Guidelines, Mr. Watson was assigned a base level of 20, pursuant to U.S.S.G. §

2K2.1.  That level was increased by four points because the firearm's serial number was partially

obliterated and then decreased by three points for acceptance of responsibility, making his total offense level 21.  He was assigned a criminal history category of V, based on six criminal history points accrued in connection with three prior felony convictions for narcotics and firearms offenses and two points accrued for committing his latest offense while under supervision.  With an offense level of 21 and a criminal history category of V, the guideline range was 70-87 months.  No objections to these calculations were made, and the Court imposed a sentence of 84 months' imprisonment, followed by three years of supervised release, a $100 special assessment, and a $500 fine.  Mr. Watson did not file any motion attacking this sentence prior to this motion.

DISCUSSION

Amendment 709 to the United States Sentencing Guidelines, which became effective on November 1, 2007, modified, in pertinent part, how multiple prior sentences are counted when determining a criminal history score, such that if prior sentences were for offenses not separated by an intervening arrest, they are counted separately "unless the sentences (1) were for offenses that were named in the same charging document, or (2) were imposed on the same day." U.S.S.G, Supp. to App. C, Amend. 709.  Mr. Watson argues that under Amendment 709, two drug charges, for which he was sentenced on the same day, should not have counted as separate offenses because there was no intervening arrest.  Therefore, he asks the Court to retroactively apply Amendment 709, reduce his criminal history score, and thereby reduce his sentence.

Mr. Watson's argument has several flaws.  First, assuming there was any error in calculating Mr. Watson's guidelines range, Federal Rule of Criminal Procedure 35 allows 14 days for a court to correct a sentence "that resulted from arithmetical, technical, or other clear error."  Fed. R. Crim. P. 35(a).  Fourteen days from Mr. Watson's April 2014 sentencing have

long since passed, and because that 14-day time limit is jurisdictional, the Court lacks any authority to modify Mr. Watson's sentence now that the time has expired. *See United States v. Washington*, 549 F.3d 905, 915-16 (3d Cir. 2008) (explaining that Rule 35(a)'s time limit is jurisdictional).

Likewise, to the extent that Mr. Watson could make an argument regarding his sentence in a *habeas* petition, his time to file such a petition has long expired. *See* 28 U.S.C. § 2255(f) (providing a one-year statute of limitations for *habeas* motions). Even if the time had not expired, Mr. Watson does not allege any constitutional deprivation here that would provide the basis for a *habeas* claim. *See United States v. Cepero*, 224 F.3d 256, 257 (3d Cir. 2000) (misapplication of the Guidelines does not generally present a constitutional issue).

Mr. Watson also invokes 18 U.S.C. § 3582(c)(2) as a source of authority for modifying his sentence. That provision states that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). However, Amendment 709 went into effect more than six years *prior* to Mr. Watson's sentencing. Therefore, it is not a "subsequent" amendment to which 18 U.S.C. § 3582(c)(2) would apply. And even if it was a subsequent amendment, it has not been identified in Section 1B1.10(c) of the Guidelines as an amendment which may be applied retroactively. *United States v. Thompson*, 70 F.3d 279, 281 (3d Cir. 1995) (explaining that "[t]he language of the applicable

sections could not be clearer: [18 U.S.C. § 3582(c)(2)] directs the Court to the policy statement, and the policy statement provides that an amendment not listed in [Section 1B1.10 (c)] may not be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2).").  Thus, Mr. Watson is not entitled to the relief he seeks.

**CONCLUSION**

For the foregoing reasons, the Court will deny Mr. Watson's motion.  An appropriate Order follows.

BY THE COURT:

 /s/ Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

4